UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY**,<br><br>Plaintiff,<br><br>vs.<br><br>**NEW GRACE REHABILIATION CENTER, PPC, PRODIGY SPINAL REHABILITATION, PLC. VAN DYKE REHABILITATION CENTER, PLLC, SUMMER ROSE FAKHOURI, D.C., MICHAEL STEVEN MEERON, D.C., and ANTHONY EUGENE PULICE, D.C.**,<br><br>Defendants. | 4:17-CV-11007-TGB-DRG<br><br>HON. TERRENCE BERG<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND ADJOURN SCHEDULING ORDER DATES |

The Michigan Automobile Insurance Placement Facility (the "MAIPF") sued New Grace Spinal Rehabilitation Center, PLLC ("New Grace"), Prodigy Spinal Rehabilitation, PLLC ("Prodigy"), Van Dyke

1

Spinal Rehabilitation Center, PLLC ("Van Dyke"), Summer Rose Fakhouri, D.C., Michael Steven Meeron, D.C., and Anthony Eugene Pulice, D.C. for allegedly violating the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 *et seq.* (2017). Specifically, MAIPF claims the Defendants participated in a racketeering enterprise intended to fraudulently generate bills for unnecessary medical services provided to individuals whose no-fault claims the MAIPF was adjusting under the Michigan Assigned Claims Plan, Mich. Comp. Laws §500.3171 (2012). Presently before the Court is Plaintiff's Motion to Compel Responses to Discovery and to Adjourn Scheduling Order Dates (ECF No. 35).

## BACKGROUND

The Michigan Assigned Claims Plan, a provision of the Michigan No-Fault Act, provides benefits to eligible individuals involved in car accidents where no insurance company is immediately responsible. Second Am. Compl. 3, ¶ 3, ECF No. 26. The MAIPF, while not an insurance company itself, administers the Michigan Assigned Claims Plan by assigning claims brought under it to a servicing insurer. *Id.* Servicing insurers adjust and pay the claims and are then reimbursed by the MAIPF. *Id.* ¶¶ 3, 18. MAIPF is thus ultimately responsible for paying claims assigned under the Michigan Assigned Claim Plan. *Id.*

2

MAIPF alleges that the Defendants, chiropractic facilities and their owners or senior employees, as well as other "like-minded practitioners," defrauded MAIPF by billing its servicing insurers for unnecessary or non-existent services Defendants provided to individuals purportedly injured in car accidents whose claims were assigned under the Michigan Assigned Claims Plan. *Id.* ¶ 29.

The parties have reached an impasse concerning certain of Defendants' objections to Plaintiff's Requests for Production, specifically Request Nos. 5, 6, 7, and 9. *See generally* Pl.'s Mot. to Compel, ECF No. 35; Defs.' Resp. to Mot. to Compel, ECF No. 37. Plaintiff first sent the interrogatories and discovery requests at issue to Defendants Fakhouri, Meeron, and Pulice on November 15, 2017. Pl.'s Mot. to Compel, Ex. 1, ECF No. 35-1. After much squabbling between the parties, and the Court's signing of a stipulated protective order, Defendants provided their Second Amended Responses to Plaintiff's First Interrogatories and Requests for Production. Pl.'s Mot. to Compel, Ex. 2, ECF No. 35-2. Those responses included blanket objections of overbreadth, vagueness, and irrelevance to Defendants' Requests for Production Nos. 5, 6, 7, and 9, and were provided jointly on behalf of all Defendants. *See id.* Plaintiff

communicated its dissatisfaction with these responses and requested that Defendants provide individualized answers and identify specific grounds for their objections to Requests Nos. 5 through 9.[1]  Pl.'s Mot. to Compel, Ex. 3, 1–2, ECF No. 35-3.

Unable to resolve their disagreement about the proper scope and nature of Defendants' discovery obligations, the parties scheduled a conference with the Court.  *See* Min. Entry dated Aug. 3, 2018.  Shortly before that conference, Defendants served their Third Amended Responses to Plaintiff's Interrogatories and Requests for Production on Plaintiff.  Pl.'s Mot. to Compel, Ex. 5, ECF No. 35-5.  Those amended responses provided individual answers to Requests for Production Nos. 5, 6, 7, and 9 on behalf of Fakhouri, Meeron, and Pulice, but contained the same blanket objections as the Second Amended Responses.  Pl.'s Mot. to Compel, Ex. 5, 5–8, ECF No. 35-5.  Unable to resolve the issues,

---

[1] Defendants' response to Request No. 8 is no longer at issue according to Plaintiff because Defendants later explained they have no documents responsive to that request.  Pl.'s Mot. to Compel, 5 n.3, ECF No. 35.  *See also* Pl.'s Mot. To Compel, Ex. 5 at 6–7, ECF No. 35-5 (explaining Defendants are not in possession of documents responsive to Request No. 8).

4

Plaintiff sought and received leave to file a motion to compel documents responsive to its Requests for Production Nos. 5, 6, 7, and 9, as permitted by Rule 37 of the Federal Rules of Civil Procedure. *See generally* Pl.'s Mot. to Compel, ECF No. 35.

## LAW AND ANALYSIS

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 499 (6th Cir. 2016) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392 (1947)). Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). Relevance is broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). The Sixth Circuit has stated that while a plaintiff should not be denied access to facts and information necessary to prove her claims, "neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)

(internal quotations and citation omitted). Accordingly, the trial court must exercise its "wide discretion" to balance the needs and rights of both Plaintiff and Defendants in resolving these discovery disputes. *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 906 (6th Cir. 1991) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)).

Plaintiff asks this Court to overrule Defendants' objections to Plaintiff's Requests for Production Nos. 5, 6, 7, and 9 and order Defendants to produce documents responsive to those requests. Pl. Mot. To Compel, 12–16, 22, ECF No. 35. Specifically, Plaintiff argues Defendants' objections to the requests are impermissible "boilerplate" objections and tantamount to providing no objections at all. *Id. See also* Fed. R. Civ. P. 37(a)(3)(B) (allowing a party to file a motion to compel where another party fails to respond to a discovery request or where the party's response is evasive or incomplete).

Boilerplate objections are those that merely state the legal grounds for objection without specifying how the discovery request is deficient or how the objecting party would be harmed if forced to respond to the request. *Wesley Corp. v. Zoom T.V. Prod., LLC,* No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11. 2018) (citation omitted). Rule

34(b)(2)(B) of the Federal Rules of Civil Procedure plainly disallows boilerplate objections to discovery requests and requires parties to "state with *specificity* the grounds for objecting to the request, including the reasons." (emphasis added). The Rule further provides that any objection to a discovery request must "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Because boilerplate objections do not facilitate the efficient completion of the discovery process and are not permitted under the Federal Rules, courts in this district have consistently voiced their disapproval of generalized, blanket objections. *See e.g., Strategic Mktg. & Research Team, Inc. v. Auto Data Solutions, Inc.*, 15-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (Murphy III, J.) ("Boilerplate or generalized objections are tantamount to no objection at all and should not be considered.") (quoting *Nissan N. Am., Inc. v. Johnson N. Am., Inc.*, No. 09-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (Majzoub, M.J.)); *Black v. Pension Benefit Guar. Corp.*, No. 09-13616, 2014 WL 3577949, at *2 (E.D. Mich. Jul. 21, 2014) (Tarnow, J.) ("The Court strongly condemns the practice of asserting boilerplate objections to every discovery request"); *Lowe v. Vadlamudi*, No. 08-10269, 2012 WL

7

3731781, at *3 (E.D. Mich. Aug. 28, 2010) (Lawson, J.) (noting that a party's boilerplate objections "do not gain in substance through repetition."). This Court joins those judges in the district who have expressed their strong disapproval of generalized objections to discovery requests that neither explain the specific basis for the objection nor state whether documents or information are being withheld because of the objection. Counsel should articulate particularized reasons that relate specifically to the nature of the evidence sought, its potential materiality and relevance to the claims at issue—or lack thereof—and explain precisely how and why, if the objection is vagueness, overbreadth, or burdensomeness, the request suffers from such defects, and what harm answering the request would cause. Such a specific objection having been articulated, counsel must also state whether any responsive materials exist that are being withheld subject to that objection. Fed. R. Civ. P. 34(b)(2)(c).

Here, Defendants objected to Plaintiff's Requests for Production Nos. 5–7 and 9 only by stating that the requests are "overly broad, vague, and the answers to the requests are irrelevant and/or not reasonably likely to lead to admissible evidence." Pl.'s Mot. to Compel, Ex. 5, 5–8,

8

ECF No. 35-5. These objections lack the specificity mandated by Rule 34(b)(2)(B) and are almost identical to requests other courts in this district have identified as impermissible boilerplate objections. *See, e.g., Lowe*, 2012 WL 3731781, at *2 (finding objections stating only that requests are "unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence" are boilerplate objections); *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854, 858 (E.D. Mich. 2017) (Stafford, M.J.) (objections stating only that requests are "vague, overly broad and lacking specific" are boilerplate).

Additionally, Defendants have failed to state whether they are withholding any documents on the basis of their generalized objections to Requests Nos. 5, 6, 7, and 9, which Rule 34(b)(2)(C) requires them to do. Fed. R. Civ. P. 34(b)(2)(c) (instructing the objecting party to "state whether any responsive materials are being withheld on the basis of that objection."). *See also Bally v. First Nat'l. Bank Omaha*, No. 17-10632, 2018 WL 1558861, at *1 (E.D. Mich. 2018) (Stafford, M.J.) (criticizing party for relying upon numerous boilerplate objections without indicating whether it was withholding production of documents).

While Defendants' objections fail to comply with the Rule's specificity requirement, the Court notes that Plaintiff's Requests Nos. 5, 6, 7, and 9 are hardly exemplars of well-crafted and narrowly drawn discovery requests. They contain no limitation in temporal scope and, on their face, seek production of all documents relating to Defendants' profits, employees, payroll, and financial records from at least the beginning of each Defendant's respective practice through the present. *See* Mot. to Compel, Ex. 1, 3–4, ECF No. 35-1. In these specific ways the requests are indeed overly broad and possibly unduly burdensome. The requests are also impermissibly vague. For example, Request No. 9 asks the Defendants to produce "all documents pertaining to your financial records." *Id.*, 4. The request does not specify what types of financial documents it seeks or whether it is limited to Fakhouri, Meeron, and Pulice's business records.

Because Plaintiff's Requests Nos. 5, 6, 7, and 9, and Defendants' objections thereto are all lacking in specificity, the Court will deny without prejudice Plaintiff's motion to compel Defendants to produce documents responsive to those requests. As stated in open court during the December 20, 2018 hearing on this motion, Plaintiff is instructed to

re-formulate its requests to include appropriate temporal limits (2010 through 2017, or as otherwise agreed upon by the parties) and specific descriptions of the requested documents within 20 days of the date of this Order. Defendants shall respond to these re-formulated requests as required under the Federal Rules of Civil Procedure.[2] Should Defendants seek to interpose any objections to these reformulated requests—which the Court does not expect because the requests will be properly tailored and carefully drafted—such objections must specifically describe the nature of the objection, as described above, *and* must indicate whether any materials are being withheld pursuant to the objection. Failure to make properly drawn objections, or reassertion of boilerplate objections, will result in sanctions. Additionally, Defendants will at a minimum produce the following documents in response to Plaintiff's reformulated requests:

- A list of the individuals who worked for each Defendant during the relevant period;
- Contracts, operating agreements, partnership agreements, profit sharing agreements, indemnity agreements, non-

---

[2] Defendant Pulice need not respond to Plaintiff's reformulated Request for Production No. 5 because Plaintiff stated during the hearing on this motion that she is satisfied with Pulice's answer to Request No. 5.

- disclosure agreements, and any other agreements amongst the defendants, including emails relevant to any of the aforementioned agreements; and

- Business ledgers, statements of accounts, income statements, accounts receivable, and records of payments to employees.

The Court further grants Plaintiff's request to adjourn the dates in the Scheduling Order. As instructed by this Court's Minute Entry dated December 20, 2018, the new discovery cutoff in this matter will be May 15, 2019, and the dispositive motions deadline will be June 21, 2019.

## CONCLUSION

For the foregoing reasons, this Court **DENIES IN PART** Plaintiff's Motion to Compel Discovery Responses and to Adjourn Scheduling Order Dates (ECF No. 35) without prejudice and instructs Plaintiff, within 20 days of the date of this Order, to send Defendants reformulated versions of its Requests Nos. 5, 6, 7, and 9 that state with specificity the information sought by the requests, and their temporal scope.[3] Defendants' responses to those requests will be due in accordance with the Federal Rules of Civil Procedure. The Court also **GRANTS IN PART** Plaintiff's motion insofar as it seeks adjournment of dates in the current

---

[3] *See supra* note 2.

Scheduling Order (ECF No. 35). As instructed by this Court's Minute Entry dated December 20, 2018, the new discovery cutoff will be May 15, 2019, and the dispositive motions deadline will be June 21, 2019.

**SO ORDERED.**

s/ Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: January 29, 2019

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 29, 2019, using the CM/ECF system, which will send notification to each party.

s/ Amanda Chubb
Case Manager