## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY**, | 4:17-cv-11007 |
| | HON. TERRENCE G. BERG |
| Plaintiff, | |
| v. | |
| **NEW GRACE REHABILITATION CENTER, PLLC, et al.**, | **ORDER STRIKING PLAINTIFF'S MOTIONS TO COMPEL AND DIRECTING PLAINTIFF TO MEET AND CONFER WITH THIRD-PARTIES** |
| Defendants. | |

The Michigan Automobile Insurance Placement Facility (the "MAIPF") sued New Grace Spinal Rehabilitation Center, PLLC ("New Grace"), Prodigy Spinal Rehabilitation, PLLC ("Prodigy"), Van Dyke Spinal Rehabilitation Center, PLLC ("Van Dyke"), Summer Rose Fakhouri, D.C., Michael Steven Meeron, D.C., and Anthony Eugene Pulice, D.C. for allegedly violating the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 *et seq.* (2017). Specifically, MAIPF claims the Defendants participated in a racketeering enterprise intended to fraudulently generate bills for unnecessary medical services provided to individuals whose no-fault claims the MAIPF was adjusting under the Michigan Assigned Claims Plan, Mich. Comp. Laws § 500.3171 (2012).

Presently before the Court are three motions to compel filed by Plaintiff against several non-parties to this suit—a medical billing company, and several healthcare providers. Through these discovery motions, Plaintiff seeks an order: (1) compelling McLaren Oakwood, a healthcare provider, to provide a record certification accompanying its response to Plaintiff's subpoena duces tecum (ECF No. 47); (2) compelling Accurate Medical Billing to produce certain documents in advance of the company's deposition, and to designate a corporate representative to appear for deposition in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure (ECF No. 48); and (3) compelling healthcare providers Ascension/St. John Hospitals, Beaumont Hospitals, DMC Hospitals, and Henry Ford Hospitals to produce information pertaining to certain patients (ECF No. 49). Additionally, Plaintiff seeks sanctions against McLaren Oakwood and Accurate Medical Billing, and asks the Court to hold the other non-party healthcare providers in contempt.

The Court's Practice Guidelines instruct parties that they are "REQUIRED to contact Court prior to filing any discovery motions" and further provide that "[d]iscovery motions filed without leave of Court will be stricken." Though this Court previously granted Plaintiff permission to file a discovery motion after leave had been sought, no leave was sought in the case of these motions, and the Court's prior permission was not a blanket approval to file discovery motions at will. Pursuant to this Court's Practice Guidelines, these discovery motions will therefore be

**STRICKEN**. The Court is not satisfied that Plaintiff has undertaken diligent, good-faith efforts to "narrow the areas of disagreement" with the non-parties before filing the instant motions to compel discovery, as is required by Local Rule 37.1. To encourage an amicable resolution of these discovery disagreements, and avoid unnecessary litigation, the Court hereby **ORDERS** Plaintiff to meet and confer with each third-party from whom it is seeking discovery at least three times, by phone or in person, and attempt to work out the production of these materials and information.

It is further **ORDERED** that, within 14 days of the date of this Order, Plaintiff will provide the Court with a detailed status report describing the efforts it has made to resolve these discovery issues without the Court's intervention, as well as the results of such efforts and a summary of any reasons, if given, why the third-parties refused to provide the documents and information sought by Plaintiff.

If after engaging in the course of action described above, Plaintiff is unable to reach an accommodation with the third-parties that results in an adequate production of appropriately sought records, the Court upon reviewing the status report will consider whether to grant Plaintiff leave to re-file the stricken motions and, if appropriate, will compel the production of any relevant evidence. A subpoena is an order of the Court, which will be enforced if necessary, on pain of contempt. This Court

would prefer to allow the parties to work it out.

**SO ORDERED.**

Dated: June 17, 2019          s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on June 17, 2019, using the CM/ECF system, which will send notification to all parties.

                              s/Amanda Chubb
                              Case Manager